245C (Rev. 03/035)

# United States District Court
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: 02-CR-35-3 |
| v. ) | Judge: Joan Humphrey Lefkow |
| ) | |
| DAVID DIAZ ) | |

Thomas Durkin, Defendant's Attorney
*Carole J. Ryczek, AUSA

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment:   January 5, 2006

Reason for Amendment:   Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**THE DEFENDANT ENTERED A PLEA OF:**
guilty to Count(s) 1 and 2 of the Indictment, which was accepted by the court.

**THERE WAS A:**
*judicial finding of guilty as to count(s) 3 of the Indictment.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Section 846 | Conspiracy to Distribute Controlled Substances | 1/8/2002 | One |
| 21 U.S.C. Section 841 | Possession with Intent to Distribute a Controlled Substance | 1/8/2002 | Two |
| 18 U.S.C. Section 924(c) | Carrying a Firearm During the Commission of Another Crime | 1/8/2002 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The Sentence is imposed pursuant to the Sentencing Reform Act of 1984. Other than the amendments or modifications stated in this judgment, the judgment entered January 5, 2006 is to stand (see attachment).

DAVID DIAZ
02 CR 35-3

page 2 of 2

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment(s) | Total Fine | Restitution | Mandatory Costs of Prosecution |
|---|---|---|---|
| $300.00 | Fine Waived | $ | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing: January 18, 2006

JOAN HUMPHREY LEFKOW
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 18th day of January, 2006



(Rev. 03/05)

# United States District Court
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: 02-CR-35-3 |
| v. ) | Judge: Joan Humphrey Lefkow |
| ) | |
| DAVID DIAZ ) | |

Thomas Durkin, Defendant's Attorney
Christina M. Egan, AUSA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT ENTERED A PLEA OF:**

guilty to Count(s) 1 and 2 of the Indictment, which was accepted by the court.
**THERE WAS A:**

jury verdict of guilty as to count(s) 3 of the Indictment.

The remaining Count(s) is/are dismissed.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Section 846 | Conspiracy to Distribute Controlled Substances | 1/8/2002 | One |
| 21 U.S.C. Section 841 | Possession with Intent to Distribute a Controlled Substance | 1/8/2002 | Two |
| 18 U.S.C. Section 924(c) | Carrying a Firearm During the Commission of Another Crime | 1/8/2002 | Three |

The defendant is sentenced as provided in the following pages of this judgment.

**DAVID DIAZ**  
**02 CR 35-3**

Page 2 of 5

## IMPRISONMENT

### IT IS THE JUDGMENT OF THIS COURT THAT:

the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **120 MONTHS**.

As to Count 1 and 2, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **60 months**. As to Count 3, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **60 months**. (60 months on Counts 1 & 2 to run concurrently; 60 months on Count 3 to run consecutive to the 60 months on Counts 1 & 2).

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction.

> The defendant is sentenced on all count(s) of conviction, namely, Count(s) 1, 2, 3 to a period of 5 years of Supervised Release, said periods to run concurrent.

The defendant shall report immediately to the probation office in the district in which the defendant is to be supervised, but no later than seventy-two hours after sentencing. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of probation that apply in this case.

DAVID DIAZ  
02 CR 35-3

## MANDATORY CONDITIONS OF PROBATION
### (As set forth in 18 U.S.C. § 3563 and U.S.S.G. § 5B1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of the onset of supervision and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court:

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3563(a)(4) if an approved program is readily available within a 50 mile radius of the legal residence of the defendant;

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3563(a)(8);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004;

7) for a felony at least one condition as required by 18 U.S.C. § 3563(a)(2) and and U.S.S.G. § 5B1.3(a)(2):

8) the defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the special assessment imposed in accordance with 18 U.S.C. § 3013;

9) for any offense, the defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay special assessments, restitution, or fines; and

10) for any offense, the defendant shall pay the fine or adhere to a court-established payment schedule.

## STANDARD CONDITIONS OF PROBATION

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

**DAVID DIAZ**  
**02 CR 35-3**

Page 4 of 5

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

**DISCRETIONARY CONDITIONS OF PROBATION**

The defendant shall participate in a drug aftercare program approved by the probation officer, which may include residential program for treatment of a narcotic addiction or drug or alcohol dependency and/or testing for detection of substance use or abuse.

Other conditions imposed by the court:

Defendant shall cooperate with BICE regarding his deportation proceedings and that, if deported, shall not reenter the United States, prior to notifying the United States Attorney General and following proper reentry procedures.

**DAVID DIAZ**
**02 CR 35-3**

Page 5 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment(s) | Total Fine | Restitution | Mandatory Costs of Prosecution |
|---|---|---|---|
| $300.00 | Fine Waived | $ | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing: 1/5/2006

*[signature]*

JOAN HUMPHREY LEFKOW
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 11th day of January, 2006